J-S64032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARREN JOHNSON, | |
| Appellant | No. 373 EDA 2016 |

Appeal from the PCRA Order January 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0113961-1993

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 07, 2016**

Darren Johnson ("Appellant") appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County dismissing his self-styled "Writ of *Habeas Corpus*" as an untimely serial petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq*.  We affirm.

The PCRA court provides an apt procedural history of the case as follows:

> On June 30, 1993, Petitioner was found guilty of first degree murder and possessing an instrument of a crime (PIC) after a nonjury trial before the Honorable Lisa A. Richette.  On January 9, 1994, Petitioner was sentenced to mandatory life imprisonment for murder and a concurrent term of two and one-half to five years' incarceration for PIC.  Petitioner filed a timely appeal, and his judgment of sentence was affirmed by the Superior Court on February 6, 1995.  The Supreme Court denied *allocator* on August 22, 1995.

---

*Former Justice specially assigned to the Superior Court.

Petitioner filed his first post conviction relief petition on May 14, 1996. Petitioner was appointed counsel and after an amended petition was filed, the court denied his petition on September 23, 1998. The Superior Court affirmed the dismissal on October 1, 1999, and the Supreme Court denied *allocator* on February 11, 2000.

On August 30, 2001, the trial court dismissed Petitioner's second post conviction relief petition, and he filed a timely appeal. The Superior Court affirmed the dismissal on October 7, 2002.

Petitioner filed his third PCRA petition, which was dismissed as untimely on January 17, 2013. On April 9, 2014, Petitioner filed his fourth PCRA petition, along with a writ of mandamus on July 17, 2014. Both of these filings were dismissed as untimely on August 25, 2014.

Petitioner filed the instant petition on July 6, 2015.[] After conducting an extensive and exhaustive review of these filings, the record and applicable case law, th[e PCRA court] determined Petitioner's Writ of *Habeas Corpus* should be treated as a PCRA [petition] and [found] that Petitioner's petition for post conviction collateral relief was untimely filed. Therefore, th[e PCRA court determined that it] does not have jurisdiction to consider Petitioner's PCRA petition [and entered its order of January 4, 2016 denying PCRA relief].

PCRA Court Opinion, filed January 19, 2016, at 1-2. This timely appeal followed.

Appellant contends, *inter alia*, that the PCRA court erred in treating Appellant's "Writ of *Habeas Corpus*" as an untimely PCRA petition because his legality of sentence challenge argues not that his sentence exceeds the lawful maximum but, instead, that the sentencing order fails to state the statutory authority underlying his sentence. Because such a basis for an illegal sentence is not expressly stated within the PCRA, Appellant asserts, his claim is not cognizable under the Act. We disagree.

In reviewing a PCRA appeal, our scope and standard of review are well-settled. The restraints set forth in the PCRA confine an appellate court's review of a PCRA petition. ***Commonwealth v. Strong***, 761 A.2d 1167, 1170 n. 3 (Pa. 2000). The "standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999) (citing ***Commonwealth v. Jermyn***, 709 A.2d 849, 856 (Pa. 1998)).

Challenges to the legality of a sentence are cognizable under the PCRA. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013) (holding that a "motion to correct illegal sentence" is a petition for relief under PCRA because "[the PCRA] provides for an action by which ... persons serving illegal sentences may obtain collateral relief") (quoting 42 Pa.C.S. § 9542; ***citing Commonwealth v. Hockenberry***, 689 A.2d 283, 288 (Pa.Super. 1997) (stating the legality of sentence is a cognizable issue under the PCRA)). ***See also Commonwealth v. Vega***, 754 A.2d 714, 719 (Pa.Super. 2000) (finding that, within the PCRA, legality of sentence claims are always reviewable). Moreover, it is well-settled that a sentence unsupported by statutory authority is an illegal sentence and subject to correction. ***Commonwealth v. Fennell***, 105 A.3d 13, 15, 20 (Pa.Super. 2014)

Therefore, we discern nothing exotic about Appellant's particular challenge to the legality of his sentence such that it would not be amenable

to correction under the PCRA if substantiated. It would appear, instead, that Appellant has characterized his petition as a writ of *habeas corpus* rather than a PCRA petition in an attempt to avoid PCRA time-bar restraints. Such an attempt is unavailing, for the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose ... including *habeas corpus* and *coram nobis.*" 42 Pa.C.S.A. § 9542. As this Court previously has held, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor***,* 65 A.3d 462, 466 (Pa.Super. 2013). While *habeas corpus* has not been extinguished altogether, it "continues to exist only in cases in which there is no remedy under the PCRA." **Commonwealth v. Peterkin***,* 722 A.2d 638, 640 (Pa. 1998). Because the PCRA provides a remedy for an illegal sentence, **see Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999), **Vega**, **supra**, Appellant's attempt to obtain relief from his purportedly illegal sentence outside of the PCRA fails.

Having determined the PCRA court correctly deemed Appellant's writ of *habeas corpus* a serial PCRA petition, we next examine whether the petition is untimely. In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. **See Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003). The time for filing a petition is set forth in 42 Pa.C.S.A § 9545(b), which provides in relevant part:

    **(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

* * *
42 Pa.C.S.A § 9545(b).

"[T]he time limitations pursuant to … the PCRA are jurisdictional." *Fahy*, 737 A.2d at 222. "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Id.* "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.Super. 2008).

*Commonwealth v. Jackson*, 30 A.3d 516, 518–19 (Pa.Super. 2011).

The present PCRA petition, filed nearly twenty years after Appellant's judgment of sentence became final, is clearly untimely under Section 9545(b)(1). Moreover, Appellant alleged no enumerated exception at Section 9545(b)(1)(i), (ii), or (iii) in an attempt to overcome the time-bar.

For these reasons, we agree with the PCRA court that it lacked jurisdiction to entertain the present challenge to Appellant's sentence.[1]   Accordingly, we affirm the order entered below.

        Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016

---

[1] Although "not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Slotcavage**, 939 A.2d 901, 903 (Pa.Super. 2007).